**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**HELENA DIVISION**

DANIEL B. HURLBUT *et al.* PLAINTIFFS

ADC #658898

V. 2:13CV00128 DPM/HDY

DANNY BURL *et al.* DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge D.P. Marshall Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the

hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

**DISPOSITION**

On September 30, 2013, Plaintiffs Daniel B. Hurlbut, Delwrick Coleman, Samson Tillis, Harry Surbur, Joseph Smith, James Everett, Christopher Brewer, Ben McCarter, and Paul Branson, all of whom are Arkansas Department of Correction inmates, filed a *pro se* complaint (docket entry #1). The complaint was docketed as having been filed pursuant to 42 U.S.C. § 1983. The $400.00 filing and administrative fees were not paid, and no Plaintiff filed an application for leave to proceed in *forma pauperis* ("IFP").

On October 3, 2013, Plaintiffs were ordered to pay the filing fee, or to each file an application for leave to proceed IFP. At that time, the Court noted that the complaint contained multiple and unrelated claims, and ordered each Plaintiff to file an amended complaint setting forth a short statement of how each Defendants allegedly violated their constitutional rights. Plaintiffs were also warned that any Plaintiff's failure to comply within 30 days would result in the recommended dismissal of his complaint. Although several Plaintiffs have moved for leave to

proceed IFP, only McCarter has filed an amended complaint, although Hurlbut has responded with a motion seeking to clarify his claims (docket entries #7 & #15).

## I. Screening

Before docketing the complaint, or as soon thereafter as practicable, the Court must review the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. FED.R.CIV.P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) (overruling *Conley v. Gibson*, 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted), the court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do....Factual allegations must be enough to raise a right to relief above the speculative level," *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). A complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable. *Twombly* at 570. However, a *pro se* plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir.2002) (citations omitted).

## II. Analysis

Plaintiffs' original complaint included claims that Defendants failed to follow proper procedures with respect to the grievance process; that guards and medical and mental health providers do not check inmates frequently enough, that inmates are housed in unsafe conditions, that

disciplinary procedures are unfair, and that government funds are being misappropriated. In response to the Court's order directing Defendants to file an amended complaint, Hurlbut, the lead Plaintiff, has filed a paper indicating that he did not want to pursue a Section 1983 complaint, but is seeking a writ of mandamus pursuant to 5 U.S.C. § 702. McCarter filed a similar response, and also cited 5 U.S.C. § 706. However, those provisions relate to actions taken by federal officials in federal agencies. 5 U.S.C. § 701. The actions Plaintiffs complain of were taken by state officials in their roles as state agency employees. If Plaintiffs believe prison officials are violating state law or procedure, they should pursue those claims in state court.

Although it is clear that Plaintiffs' primary complaint is that certain prison rules and regulations are not being followed, they have also referenced constitutional issues. However, any potential constitutional issues, such as disciplinary procedure due process violations, unsafe prison conditions, or inadequate medical care, would be individual cases that could only be decided upon examination of the facts unique to each case. Under the circumstances of this particular case, Plaintiffs' complaint should be dismissed without prejudice. All motions, including the *in forma pauperis* motions, should be denied.

If any Plaintiff wishes to pursue a federal constitutional claim with this Court, he should file a new lawsuit, describing only the claims relating to him personally; and either pay the full $400.00 filing and administrative fees, or file a new application for leave to proceed *in forma pauperis*.

**III. Conclusion**

IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiffs' complaint be DISMISSED WITHOUT PREJUDICE.

2. All pending motions be DENIED.

3. The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED this __7___ day of November, 2013.

UNITED STATES MAGISTRATE JUDGE